## APPEAL OF WASHINGTON PIECE DYEING & FINISHING CO.

Docket No. 4619.    Decided September 24, 1926.

On the facts stated, *held*, that expenditures for copper rolls should be capitalized and not charged to expense.
Depreciation rate on said rolls determined.

*Wm. Surosky, Esq.*, for the petitioner.
*F. O. Graves, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency of $3,025.94 in income and profits tax for 1921, arising from the disallowance of $6,135.97 as depreciation on copper rolls and $9,425.05 charged to expense as the result of purchases of copper rolls.

### FINDINGS OF FACT.

The petitioner is a New Jersey corporation with its principal office in Paterson. In 1920 it went into the silk printing business. Copper rolls were used in connection with engraving designs according to specifications selected by the trade.

About the middle of 1920 the petitioner purchased some of these rolls. Additional purchases were made from time to time during 1920, 1921, and 1922. The rolls purchased in 1920 and part of 1921 amounting to $10,983.12 were capitalized, but early in 1921 and for the balance of that year the purchases, amounting to $9,425.05, were charged to expense. Purchases in 1922 were again capitalized. During 1920 and 1921, 250 rolls were purchased. By the end of 1921, 50 of these were discarded as worn out. In 1922, 100 additional rolls were purchased.

The petitioner was not experienced in handling copper rolls and was handicapped during 1920 and 1921 by lack of funds. This lack of funds prevented it from carrying copper rolls above bare requirements for operations. The rolls on hand were engraved, used to print the design, and then scraped and a new design engraved thereon. At the date of purchase the copper rolls were 16 inches in circumference. When they had been scraped down to 13 inches in circumference they became useless. The ordinary useful life of these rolls is about five years.

The Commissioner capitalized the purchases of rolls made in 1921, which the petitioner had charged to expense, and allowed depreciation at the rate of 10 per cent on all rolls.

### OPINION.

MORRIS: The petitioner capitalized part of its purchases of rolls and took depreciation thereon, and charged other purchases of rolls to expense. The Commissioner contends that the cost of all rolls should be capitalized. On the evidence presented we are of the opinion that the copper rolls were capital items and that the cost thereof should therefore not be charged to expense.

. The facts show that the petitioner was not experienced in handling copper rolls, and further that it was handicapped by a lack of finances. The lack of available funds made it necessary constantly to scrape the rolls on hand for the purpose of engraving new designs thereon. As a result the rolls depreciated very rapidly so that about fifty were worn out in 1921. We are satisfied that the useful life of these rolls did not exceed five years, and that a depreciation rate of 20 per cent should be allowed on the cost thereof for the taxable year in question.

*Order of redetermination will be entered on 10 days' notice, under Rule 50.*